NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BONNIE COTTER, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 08-CV-5065 (DMC - MF) |
| | : | |
| UNITED STATES OF AMERICA, *et al*. | : | |
| | : | |
| Defendants. | : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion for summary judgment by United States of America ("Defendant") pursuant to Fed. R. Civ. P. 56. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the decision of this Court that Defendant's motion for summary judgment is **granted.**

## I. BACKGROUND

On August 13, 2007, Bonnie Cotter ("Plaintiff") was injured in the parking lot of the Middlesex Borough Post Office, New Jersey. The Complaint alleges, pursuant to the Federal Tort Claims Act ("FTCA"), that Plaintiff was injured as a consequence of tripping over a wheel stop, alleged to have faded from yellow to cement color. Specifically, Plaintiff's left foot hit the right side of the wheel stop causing her to fall and fracture her left wrist. At a deposition, Plaintiff testified that the parking lot pavement was black. Plaintiff had been patronizing this same post office for approximately twenty or thirty years. Plaintiff was aware that the parking lot had wheel stops. The parking spaces in the lot are recorded as being 9 feet wide by 20 feet long with a wheel stop at the head of each space in the center. Plaintiff generally parked in the same area which had wheel stops,

but on the day of the accident parked in a different lot.  Plaintiff indicated that at the time of the

accident she was looking ahead towards her vehicle and other oncoming traffic.  Similarly, the police

report indicates that Plaintiff was "walking straight ahead and did not observe the divider."  Plaintiff

reported that at the time of the incident, the parking lot of was congested with vehicles searching for

parking spots.  Plaintiff further testified that some spots had wheel stops while others did not.

## II.   LEGAL STANDARD

"A court reviewing a summary judgment motion must evaluate the evidence in the light most

favorable to the nonmoving party and draw all reasonable inferences in that party's favor." Gaston

v. U.S. Postal Serv., 2009 U.S. App. LEXIS 5673 (3d Cir. 2009).  However, "[t]he judgment sought

should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(c).

"A party against whom relief is sought may move at any time, with or without supporting

affidavits, for summary judgment on all or part of the claim."  Fed. R. Civ. P. 56(b).  "[T]he burden

on the moving party may be discharged by "showing" -- that is, pointing out to the district court --

that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v.

Cartrett, 477 U.S. 317, 325 (1986).   "[R]egardless of whether the moving party accompanies its

summary judgment motion with affidavits, the motion may, and should, be granted so long as

whatever is before the district court demonstrates that the standard for the entry of summary

judgment, as set forth in Rule 56(c)." Celotex, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).

> When a motion for summary judgment is properly made and supported, [by contrast,]
> an opposing party may not rely merely on allegations or denials in its own pleading;
> rather, its response must--by affidavits or as otherwise provided in this rule--set out
> specific facts showing a genuine issue for trial. If the opposing party does not so
> respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (internal citations omitted). Indeed, "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." See Schoch v. First Fid. Bancorp., 912 F.2d 654, 657 (3d Cir. 1990). Rule 56(e) permits "a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Id. (quoting Lujan v. National Wildlife Fed'n., 497 U.S. 871, 889 (1990)). "It is clear enough that unsworn statements of counsel in memoranda submitted to the court are even less effective in meeting the requirements of Rule 56(e) than are the unsupported allegations of the pleadings." Schoch, 912 F.2d at 657.

## III.   DISCUSSION

### A.   Exhaustion of Administrative Remedies

The Federal Tort Claims Act is premised upon a condition precedent articulated in 28 U.S.C. § 2401. Pursuant 28 U.S.C. § 2401, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

In reliance upon Roma v. United States, 344 F.3d 352 (3d Cir. 2003), Defendant asserts that a district court lacks jurisdiction over a claim premised on a theory of negligence that was not otherwise alleged pursuant to the underlying administrative tort action. By contrast, Plaintiff asserts that the requirement is not that the underlying theory be presented in an administrative claim, but that

the same underlying facts used in support of whatever theory is advanced at the administrative proceeding be used to support a claim later presented to the court.  This Court agrees.  Plaintiff underscores the following language instrumental:

> 'Although an administrative claim need not propound every possible theory of liability in order to satisfy section 2675(a), . . . a plaintiff cannot present one claim to the agency and then maintain suit on the basis of a different set of facts.' Deloria v. Veterans Admin., 927 F.2d 1009, 1011-12 (7th Cir. 1991). (citations and internal quotations omitted). In other words, notice in the form of an administrative claim 'satisfies section 2675's requirement . . . if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim.' Tucker v. United States Postal Serv., 676 F.2d 954, 959 (3d Cir. 1982). [1]

Id.

Upon review, the Court finds that the claim form filed by Plaintiff in the underlying administrative action sets forth the same facts presented in the instant Complaint.   Namely, in both the claim form and instant Complaint, the underlying facts include Plaintiff's fall over a cement parking divider, the fracture of Plaintiff's wrist, Plaintiff's subsequent surgery and the scarring of Plaintiff's wrist.  Therefore, the Court will proceed by reviewing the merits of the claim.

B.      Federal Tort Claims Act - 28 U.S.C. § 1346(b); New Jersey State Law - Negligence

The FTCA provides a remedy against the United States for injuries caused by the "negligent

---

[1]

§ 2675. Disposition by federal agency as prerequisite; evidence

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). That is, the FTCA "subjects the United States to tort liability for negligence." Reo v. U.S. Postal Service, 98 F.3d 73, 75 (3d Cir. 1996). The FTCA provides that the United States may be held liable in the same manner as a private party under the law of the place where the alleged acts or omissions took place. Id. The injury occurred in New Jersey. "Consequently, the Court must look to the law of New Jersey, as the place of the accident, to determine what law governs a private individual under like circumstances as the United States." Staub v. United States, 2010 U.S. Dist. LEXIS 19295, *7 (D.N.J. Mar. 4, 2010) (citing Reo, 98 F.3d at 75).

Defendant asserts that Plaintiff's negligence claim fails because Plaintiff lacks evidence that Defendant breached a duty or was negligent. Despite Plaintiff's contention that failure to paint the wheel stop constituted a hazardous condition, Defendant argues that there was no duty to paint the wheel stop because it was open, obvious and not inherently dangerous. In support of this argument, Defendant relies on Collins v. Wawa, Inc., 2008 N.J. Super. LEXIS Unpub. 2049, *1 (App. Div. Dec. 18, 2008), where "plaintiff contended that because the bumper and the curb beneath it were both painted yellow, a disorienting '3-D' effect was created. She alleges that because of this visual effect the bumper constituted a dangerous condition, which caused her to fall." The reviewing Court held that "apart from the alleged color problem, there is nothing inherently dangerous in the placement of a concrete parking curb in this parking lot to create what the law would regard as a dangerous condition." Id. at *4.

To the contrary, Plaintiff asserts that the wheel stop was a little crumbly, was distinct from others in the lot in that it was not painted yellow and was defective. Further, Plaintiff asserts that Defendant's reliance on the Collins case is misguided because the entry of summary judgment in that

5

case turned on the absence of expert testimony to support plaintiff's theory of a 3-D effect.  Citing from that case, Plaintiff emphasizes that Court's endorsement of the lower court stating, "[w]e also agree with the motion judge that, apart from the alleged color problem, there is nothing inherently dangerous in the placement of a concrete parking curb in this parking lot to create what the law would regard as a dangerous condition." Id.

Pursuant to New Jersey State Law, "a case sounding in negligence requires a showing of a duty, a breach of that duty and foreseeable resulting injury proximately caused by the breach." Anderson v.  Sammy Redd and Associates, 278 N.J. Super. 50, 56 (App. Div. 1994).  "A major consideration in the determination of the existence of a duty of reasonable care under 'general negligence principles' is the foreseeability of the risk of injury." Alloway v. Bradlees, Inc., et al., 157 N.J. 221, 230, 723 A.2d 960, 964 (1999) (citations omitted). "In some cases, when it is abundantly clear that the risk of danger is open, obvious, and easily understood, there may be no duty to warn." Bagnana v. Wolfinger, 385 N.J. Super 1, 4 (App. Div. 2006).  "[W]hen a plaintiff is unfamiliar with the premises, and therefore unaware of the dangerous condition or situation, then summary judgment based on lack of a duty to warn is less likely." Id.  In Carney v. Payless Shoesource, Inc., the Court, in affirming a summary dismissal of plaintiff's claims, concluded that "[t]he two-foot by two-foot portable shoe benches for use by customers who try on merchandise do not raise a substantial risk inherent in defendant's mode of doing business. Any reasonably prudent person would observe, in light of the dimensions of the benches, their presence in his or her lane of travel."  2009 N.J. Super. Unpub. LEXIS 372, *3-4 (App. Div. Feb. 24, 2009).

In the instant matter, Plaintiff had been patronizing the post office for approximately twenty or thirty years and, Plaintiff testified at a deposition that she was aware of the presence of wheel stops. Further, Plaintiff does not allege a disorienting effect, similar to the sensory overload articulated in Collins as a consequence of the morass of yellow paint covering the sidewalk and bumpers.  Further,

the wheel stop at issue is in the center of a parking space that is 9 feet wide. Therefore, to the extent that a cement colored wheel stop contrasted against black pavement presented a risk of danger, that risk of danger was open and obvious.  The alleged lack of uniformity concerning the color of wheel stops in the parking lot does not alter this result.   On this ground, Defendant's motion for summary judgment is **granted.**

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is **granted** and Plaintiff's Complaint is **dismissed.**  An appropriate Order accompanies this Opinion.

                                         S/ Dennis M. Cavanaugh
                                        Dennis M. Cavanaugh, U.S.D.J.

Dated:          May   26  ,  2010
Original:       Clerk
cc:             All Counsel of Record
                Hon. Mark Falk, U.S.M.J.
                File